

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**
312 North Spring Street, Room G-8
Los Angeles, CA 90012
Tel: (213) 894-3535

**SOUTHERN DIVISION**
411 West Fourth Street, Suite 1053
Santa Ana, CA 92701-4516
(714) 338-4750

**TERRY NAFISI**
District Court Executive and
Clerk of Court



July 18, 2011

**EASTERN DIVISION**
3470 Twelfth Street, Room 134
Riverside, CA 92501
(951) 328-4450

Clerk, United District Court
United States Courthouse
68 Court Street, Room 304
Buffalo, NY 14202-3328

Re: Transfer of Jurisdiction of Probation

Your Case No. _____1:07CR00164-002_____

Assigned Our Case No. _____LA11CR00666 R ✔_____

Case Title: _United States of America v. Michael Hughes_

Dear Sir/Madam:

Enclosed is the original Probation Form 22, Transfer of Jurisdiction, of the above-named probationer to this district as accepted by Judge _____Audrey B. Collins_____.

Please forward to this district court certified copies of the following documents:
1) Indictment, Information, or Complaint
2) Judgment and Probationary Order
3) If a Class A Misdemeanor, a copy of a signed Consent to proceed before a magistrate judge, and/or document reflecting such consent, or waiver form.

The probationer has been assigned our case number as referenced above. Please include this case number in all future correspondence.

Sincerely,

Clerk, U.S. District Court



By _E. Synagogue_
Deputy Clerk

cc: Probation Office, Los Angeles
     Probation Office, District of Origin

CR-25 (09/08)          **TRANSMITTAL LETTER - PROBATION TRANSFER-IN**

# TRANSFER OF JURISDICTION

| | DOCKET NUMBER (Tran. Court) |
|---|---|
| | 1:07CR-00164-002 |
| | DOCKET NUMBER (Rec. Court) |
| | LA11CR00666-R |

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE | DISTRICT | DIVISION |
|---|---|---|
| Michael Hughes<br><br>Bellflower, CA 90706 | Western District of New York | Buffalo |
| | NAME OF SENTENCING JUDGE | |
| | William M. Skretny | |
| | DATES OF PROBATION/<br>SUPERVISED RELEASE | FROM<br>JUL 2 5 2011 | TO |

*FILED — CLERK, U.S. DISTRICT COURT — JUL 1 5 2011 — CENTRAL DISTRICT OF CALIFORNIA — BY ____ DEPUTY*

*UNITED STATES DISTRICT COURT FILED — MICHAEL J. ROEMER, CLERK — WESTERN DISTRICT OF NY*

**OFFENSE**

Conspiracy to Import 500 Grams or More of 3-4 Methylendioxymethamphetamine (MDMA) and Methamphetamine in violation of 21 U.S.C. §952(a), §960(b)(1)(H), all in violation of 21 U.S.C. §963.

## PART 1 - ORDER TRANSFERRING JURISDICTION

UNITED STATES DISTRICT COURT FOR THE ___Western___ DISTRICT OF ___New York___

IT IS HEREBY ORDERED that pursuant to 18 U.S.C. 3605 the jurisdiction of the probationer or supervised releasee named above be transferred with the records of this Court to the United States District Court for the ___Central District of California___ upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this court.* Collection of restitution will be maintained by the sentencing district if the case is joint and several with other defendants.

___6/20/11___
DATE

_____
UNITED STATES DISTRICT JUDGE

*This sentence may be deleted in the discretion of the transferring Court.

## PART 2 - ORDER ACCEPTING JURISDICTION

UNITED STATES DISTRICT COURT FOR THE ___Central___ DISTRICT OF ___California___

IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

___7/13/2011___
EFFECTIVE DATE

___Audrey B. Collins___
Chief   UNITED STATES DISTRICT JUDGE

ECF DOCUMENT
I hereby attest and certify that this is a printed copy of a document which was electronically filed with the United States District Court for the Western District of New York
Date Filed: __7-25-11__
Michael J. Roemer, Clerk
By: _____ Deputy Clerk

#102

# Transfer Documents

1:07-cr-00164-WMS USA v. Oyphanith et al **CASE CLOSED** on 02/25/2010

CLOSED_2010

## U.S. DISTRICT COURT

### U.S. District Court, Western District of New York

**Notice of Electronic Filing**

The following transaction was entered on 7/26/2011 at 11:00 AM EDT and filed on 7/25/2011

**Case Name:** USA v. Oyphanith et al
**Case Number:** 1:07-cr-00164-WMS
**Filer:**
**Document Number:** 102

**Docket Text:**
**Probation Jurisdiction Transferred to Central District of California (Western Division) as to Michael Hughes; Transmitted Transfer of Jurisdiction form, with certified copies of indictment, plea agreement, judgment and docket sheet. (DZ)**

**1:07-cr-00164-WMS-2 Notice has been electronically mailed to:**

Michael T. DiPrima  mdiprima@rochester.rr.com

Mary C. Kane  mary.kane@usdoj.gov, cheryl.m.lotempio@usdoj.gov, diane.carlsen@usdoj.gov, marquitta.whitehead@usdoj.gov

Kimberly A. Schechter  Kimberly_Schechter@fd.org, joanne_sabatino@fd.org

Robert A. Liebers  liebers@burgettandrobbins.com, tammyg@burgettandrobbins.com

**1:07-cr-00164-WMS-2 Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1042579058 [Date=7/26/2011] [FileNumber=1958777-0
] [da6be0e2201189a7891c1cdc8b5e6826b85941b12e195b27fb3109d93c319819ff6
209661aabf0b363c0cd9c1f8ab31aed09bff6ef99e1e1c940232626453b53]]

CLOSED_2010

# U.S. DISTRICT COURT
## U.S. District Court, Western District of New York (Buffalo)
## CRIMINAL DOCKET FOR CASE #: 1:07-cr-00164-WMS-2
### Internal Use Only

Case title: USA v. Oyphanith et al

Date Filed: 07/18/2007
Date Terminated: 07/08/2009

Assigned to: Hon. William M. Skretny

**Defendant (2)**

**Michael Hughes**
*TERMINATED: 07/08/2009*

represented by **Robert A. Liebers**
Burgett & Robbins
15 E. Fifth Street
PO Box 3090
Jamestown, NY 14702-3090
(716) 488-3090
Fax: 716-483-3765
Email: liebers@burgettandrobbins.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**Pending Counts**

ATTEMPT/CONSPIRACY -
CONTROLLED SUBSTANCE -
IMPORT/EXPORT all in violation of
21:963=CI.F
(1)

**Disposition**

The Defendant is sentenced to the
custody of the BOP for a term of 33
months and a 4 year term of supervised
release. Conditions of supervised release
are as detailed in minute entry of
7/1/2009. $100.00 Special Assessment
imposed.

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**

CONSPIRACY TO DISTRIBUTE
CONTROLLED SUBSTANCE all in
violation of 21:846=CD.F
(2)

**Disposition**

Dismissed.

ATTEST A TRUE COPY
U.S. DISTRICT COURT, WDNY
MICHAEL J. ROEMER, CLERK

By _____
Deputy Clerk

CONTROLLED SUBSTANCES -
IMPORT all in violation of
21:952A=CI.F and 18:2
(3)

Dismissed.

CONTROLLED SUBSTANCE - SELL,
DISTRIBUTE, OR DISPENSE all in
violation of 21:841A=CD.F and 18:2
(4)

Dismissed.

SMUGGLING GOODS INTO THE U.S.
(EXCEPT NARCOTICS AND
LIQUOR) all in violation of 18:545.F
and 18:2
(5)

Dismissed.

## Highest Offense Level (Terminated)

Felony

## Complaints                                     ## Disposition

None

## Plaintiff
**USA**                          represented by **Mary C. Kane**
                                                U.S. Attorney's Office
                                                Federal Centre
                                                138 Delaware Avenue
                                                Buffalo, NY 14202
                                                716-843-5809
                                                Fax: 716-551-5563
                                                Email: mary.kane@usdoj.gov
                                                *LEAD ATTORNEY*
                                                *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 07/18/2007 | 1 | SEALED INDICTMENT as to Voradeth Oyphanith (1) count(s) 1, 2, 3, 4, 5, Michael Hughes (2) count(s) 1, 2, 3, 4, 5, Lisa Ferrante (3) count(s) 1, 2, 3, 4, 5. (DZ) Modified on 7/25/2007 **Unsealed 7/25/07** . (DZ) (Entered: 07/19/2007) |
| 07/18/2007 | | (Court only) ARREST Warrant Issued by Clerk of Court, Rodney C. Early in case as to Michael Hughes. **This is a private entry.** (DZ) (Entered: 07/19/2007) |
| 07/25/2007 | | Case unsealed as to Voradeth Oyphanith, Michael Hughes, Lisa Ferrante (DZ) Modified on 7/27/2007to indicate case unsealed 7/25/07 (DZ). |

| | | (Entered: 07/25/2007) |
|---|---|---|
| 07/25/2007 | | Govt moves to unseal indictment as to all defendants. Court grants motion. (LMK) (Entered: 07/26/2007) |
| 07/25/2007 | | E-Filing Notification: Case unsealed 7/25/07 (DZ). (DZ) (Entered: 07/27/2007) |
| 08/24/2007 | 9 | Minute Entry for proceedings held before Judge Hugh B. Scott :Arraignment as to Michael Hughes (2) Count 1,2,3,4,5 held on 8/24/2007. Deft advised of charges and potential penalties associated with conviction. Defendant informed of rights. NOT guilty plea entered. Defendant qualifies for court appt'd counsel; Robert Liebers, Esq. accepts assignment. Scheduling order presently in place. Time excluded; Govt to submit speedy trial order. Dft released. APPEAR - M. Kane, AUSA ; R. Liebers, Esq.; Z. Piotrowicz, USPO (LMK) (Entered: 08/28/2007) |
| 08/24/2007 | | Attorney update in case as to Michael Hughes. Attorney Robert A. Liebers for Michael Hughes added. (LMK) (Entered: 08/28/2007) |
| 08/24/2007 | 10 | Nonfinancial Bond Entered as to Michael Hughes in amount of $ 0, (LMK) (Entered: 09/05/2007) |
| 09/12/2007 | 11 | CJA 20 as to Michael Hughes: Appointment of Attorney Robert A. Liebers for Michael Hughes nunc pro tunc 8/24/07. Signed by Judge Hugh B. Scott on 9/5/07.(DZ) (Entered: 09/17/2007) |
| 09/26/2007 | 13 | ORDER TO CONTINUE - Ends of Justice as to Michael Hughes Time excluded from 8/24/07 until 10/18/07. Motions due by 10/18/2007. Responses due by 11/1/2007. Oral Argument set for 11/5/2007 at 10:00 AM before Hon. Jeremiah J. McCarthy.Signed by Judge Hugh B. Scott on 9/25/07. (DLC) (Entered: 09/27/2007) |
| 10/18/2007 | 14 | MOTION to Suppress by Michael Hughes. (Attachments: # 1 Affidavit # 2 Exhibit A# 3 Exhibit B# 4 Certificate of Service)(Liebers, Robert) (Entered: 10/18/2007) |
| 11/05/2007 | 15 | Minute Entry for proceedings held before Judge Hugh B. Scott :Oral Argument scheduled, but not held on 11/5/2007. Robert Liebers, Esq. has filed motions, but will meet with Govt to discuss pretrial resolution. Ms. Schechter, Esq. is engaged in plea discussions. NO APPEARANCE by Michael DiPrima, Esq., Mr. DiPrima has not filed motions. AUSA Kane will communicate to Mr. DiPrima that he will need to submit a motion for an extension of time to file pretrial motions. Time Excluded ; Govt to submit speedy trial order. Status / Oral Argument set for 12/4/2007 10:00 AM before Hon. Hugh B. Scott. APPEAR - M. Kane, AUSA; K. Schechter, Esq., Robert Liebers, Esq. (LMK) (Entered: 11/08/2007) |
| 11/15/2007 | 16 | ORDER TO CONTINUE - Ends of Justice as to Voradeth Oyphanith, Michael Hughes, Lisa Ferrante ; Time excluded from 11/5/07 until 12/4/07. Signed by Judge Hugh B. Scott on 11/14/07.(DZ) (Entered: 11/15/2007) |

| 12/04/2007 | 17 | Minute Entry for proceedings held before Judge Hugh B. Scott :Status Conference as to Voradeth Oyphanith, Michael Hughes, Lisa Ferrante held on 12/4/2007. Oral argument scheduled, but not held. Mr. DiPrima, Esq. must have his motions filed electronically. Govt to file its response by 12/19/07 Time Excluded. Defendant Ferrante anticipating plea disposition; Defendant Hughes will be provided draft plea proposal. Oral Argument set for 12/21/2007 10:00 AM before Hon. Hugh B. Scott. APPEAR - M. Kane, AUSA; K. Schechter, R. Liebers, Esq.; Michael DiPrima, Esq. (Rochester) (LMK) (Entered: 12/06/2007) |
| 12/18/2007 | <u>18</u> | ORDER TO CONTINUE - Ends of Justice as to Voradeth Oyphanith, Michael Hughes, Lisa Ferrante Time excluded from 12/4/07 until 12/21/07. Signed by Judge Hugh B. Scott on 12/17/07.(DZ) (Entered: 12/18/2007) |
| 12/21/2007 | 21 | Minute Entry for proceedings held before Judge Hugh B. Scott :Status Conference as to Voradeth Oyphanith, Michael Hughes, Lisa Ferrante held on 12/21/2007. FERRANTE - scheduled for change of plea hearing on 1/14/08. HUGHES - Mr. Liebers withdraws motion; working on plea / waiting for Govt to tender plea proposal. OYPHANITH - will continue with plea discussions. Govt feels that factual hearing is necessary. Evidentiary Hearing set for 1/17/2008 10:30 AM argument will also be held on substantive motions before Hon. Hugh B. Scott. APPEAR - M. Kane, AUSA; Michael DiPrima, Esq.; K. Schechter, Esq.; R. Liebers, Esq. (LMK) (Entered: 01/03/2008) |
| 02/13/2008 | | NOTICE as to Voradeth Oyphanith, Michael Hughes. STATUS CONFERENCE set for 2/27/08 at 2:00 pm before Hon. Hugh B. Scott. (LMK) (Entered: 02/13/2008) |
| 02/27/2008 | 27 | Minute Entry for proceedings held before Hon. Hugh B. Scott:Status Conference as to Voradeth Oyphanith, Michael Hughes held on 2/27/2008. Michael Hughes has been tendered plea offer. Govt has submitted an affidavit to be filed under seal seeking a 3 month adjournment as to co-deft. ( Status Conference set for 3/6/2008 11:00 AM before Hon. Hugh B. Scott.), Time Excluded ; Govt to submit speedy trial order. APPEAR - M. Kane, AUSA; Robert Liebers, Esq. ; NO appearance by M. DiPrima, Esq. (LMK) (Entered: 03/03/2008) |
| 03/06/2008 | | Minute Entry for proceedings held before Hon. Hugh B. Scott:Status Conference as to Voradeth Oyphanith, Michael Hughes held on 3/6/2008, ( Status Conference set for 4/3/2008 10:00 AM before Hon. Hugh B. Scott.). Govt reports as to Michael Hughes - tendered written plea offer; reviewed with client - some calculations he doesn't agree with. Parties to meet. Oyphanith has requested plea offer from Govt. Time Excluded ; Govt to submit speedy trial order. APPEAR - M. Kane, AUSA; M. DiPrima, Esq.; T. Hoover, Esq. (LMK) (Entered: 03/10/2008) |
| 03/07/2008 | <u>29</u> | ORDER TO CONTINUE - Ends of Justice as to Voradeth Oyphanith, Michael Hughes, ; Time excluded from 2/27/08 until 3/6/08. Signed by Hon. Hugh B. Scott on 3/6/08.(DZ) Text modified on 3/10/2008 to indicate as to defendants Oyphanith and Hughes only (DZ). (Entered: 03/07/2008) |

| 03/07/2008 | | E-Filing Notification: 29 ORDER TO CONTINUE - Ends of Justice **Text modified on 3/10/2008 to indicate as to defendants Oyphanith and Hughes only (DZ) (Entered: 03/10/2008) |
|---|---|---|
| 03/13/2008 | 30 | ORDER TO CONTINUE - Ends of Justice as to Voradeth Oyphanith, Michael Hughes; Time excluded from 3/6/08 until 4/3/08. Signed by Hon. Hugh B. Scott on 3/12/08.(DZ) (Entered: 03/13/2008) |
| 04/04/2008 | 33 | Minute Entry for proceedings held before Hon. Hugh B. Scott:Status Conference as to Michael Hughes held on 4/4/2008. Approved, written plea offer accepted. Deft is presently in treatment program. Parties will attempt to schedule plea date.( Status Conference set for 7/18/2008 10:00 AM before Hon. Hugh B. Scott.), Time Excluded ; Govt to submit speedy trial order. APPEAR - M. Kane, AUSA: R. Liebers, Esq. (LMK) (Entered: 04/15/2008) |
| 04/16/2008 | 36 | ORDER TO CONTINUE - Ends of Justice as to Michael Hughes ; Time excluded from 4/4/08 until 7/18/08. Signed by Hon. Hugh B. Scott on 4/11/08.(DZ) (Entered: 04/17/2008) |
| 07/10/2008 | 47 | MOTION to Adjourn Status Conference [Amended Motion] by USA as to Voradeth Oyphanith, Michael Hughes. (Kane, Mary) (Entered: 07/10/2008) |
| 07/24/2008 | 48 | ORDER as to Voradeth Oyphanith, Michael Hughes, Status Conference set for 7/30/2008 10:00 AM before Hon. Hugh B. Scott. Signed by Hon. Hugh B. Scott on 7/24/08.(DZ) (Entered: 07/24/2008) |
| 07/30/2008 | | Minute Entry for proceedings held before Hon. Hugh B. Scott:Status Conference as to Voradeth Oyphanith, Michael Hughes held on 7/30/2008. NO appearance by Michael DiPrima, Esq. (counsel for Oyphanith). Oyphanith scheduled for change of plea hearing on 8/18/08. Michael Hughes still in inpatient treatment. ( Status Conference set for 10/1/2008 09:00 AM before Hon. Hugh B. Scott.), Time Excluded Michael Hughes; Govt to submit speedy trial order. APPEAR - M. Kane, AUSA; R. Liebers, Esq. (LMK) (Entered: 08/20/2008) |
| 10/01/2008 | 51 | Minute Entry for proceedings held before Hon. Hugh B. Scott:Status Conference as to Voradeth Oyphanith, Michael Hughes held on 10/1/2008. NO appearance by Michael DiPrimia, Esq. or deft Oyphanith. ( Plea Agreement Hearing set for 10/10/2008 10:00 AM before Hon. Hugh B. Scott. for Michael Hughes ), Time Excluded as to Voradeth Oyphanith, Michael Hughes ; Govt to submit speedy trial order. APPEAR - M. Kane, AUSA ; Robert Liebers, Esq. (stand by for DiPrima, Esq. (LMK) (Entered: 10/27/2008) |
| 10/24/2008 | 52 | ORDER REFERRING CASE to Hon. Jeremiah J. McCarthy to take guilty plea as to Michael Hughes. Signed by Hon. William M. Skretny on 10/24/08.(DZ) (Entered: 10/28/2008) |
| 10/24/2008 | 53 | CONSENT TO PROCEED BEFORE A UNITED STATES MAGISTRATE JUDGE as to Michael Hughes. Signed by Hon. Jeremiah J. McCarthy on |

| | | 10/24/08.(DZ) (Entered: 10/28/2008) |
|---|---|---|
| 10/24/2008 | 54 | PLEA AGREEMENT as to Michael Hughes. (DZ) (Entered: 10/28/2008) |
| 10/24/2008 | 55 | Minute Entry for proceedings held before Hon. Jeremiah J. McCarthy:Plea Agreement Hearing as to Michael Hughes held on 10/24/2008, Plea entered by Michael Hughes (2) Guilty Count 1. (DZ) (Entered: 10/28/2008) |
| 10/24/2008 | 56 | REPORT AND RECOMMENDATIONS as to Michael Hughes. Signed by Hon. Jeremiah J. McCarthy on 10/24/08.(DZ) (Entered: 10/28/2008) |
| 11/06/2008 | 57 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings as to Michael Hughes held on 10/24/08 before Judge Jeremiah J. McCarthy. Court Reporter/Transcriber Christi A. Macri, Telephone number (585) 232-4410. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 11/28/2008. Redacted Transcript Deadline set for 12/8/2008. Release of Transcript Restriction set for 2/4/2009. (DZ) (Entered: 11/06/2008) |
| 11/13/2008 | 59 | ORDER TO CONTINUE - Ends of Justice as to Michael Hughes ; Time excluded from 10/24/08 through and including prompt disposition of a co-defendant's motions or the date of the Court's acceptance of the plea agreement. Signed by Hon. Jeremiah J. McCarthy on 11/13/08.(DZ) (Entered: 11/18/2008) |
| 12/08/2008 | 62 | DECISION AND ORDER as to Michael Hughes ACCEPTING the 56 Report and Recommendation of Magistrate Judge McCarthy; ACCEPTING the Guilty Plea of the Defendant. Signed by William M. Skretny U.S.D.J. on 11/29/2008.(MEAL) (Entered: 12/08/2008) |
| 12/08/2008 | 63 | NOTICE on SENTENCING as to Michael Hughes. Sentencing set for 5/8/2009 at 9:00 AM before William M. Skretny U.S.D.J. Presentence Report to Parties due by 3/24/2009. Sentencing Factors Statements/Sentencing Motions due by 4/17/2009. Objections/Responses to Sentencing Factors/Motions due by 4/24/2009. Motions to Adjourn due by 4/28/2009. Character Letters due by 5/1/2009. Presentence Report to the Court due by 5/1/2009. (MEAL) Modified on 12/12/2008 to correct the year of sentencing. (MEAL). (Entered: 12/08/2008) |
| 12/12/2008 | | E-Filing Notification: 63 NOTICE on SENTENCING as to Michael Hughes CORRECTED. Sentencing set for 5/8/2009 at 9:00 AM before William M. Skretny U.S.D.J. Presentence Report to Parties due by 3/24/2009. Sentencing Factors Statements/Sentencing Motions due by 4/17/2009. Objections/Responses to Sentencing Factors/Motions due by 4/24/2009. Motions to Adjourn due by 4/28/2009. Character Letters due by 5/1/2009. Presentence Report to the Court due by 5/1/2009. (MEAL) Modified on 12/12/2008 to correct the year of sentencing. (MEAL). (Entered: 12/12/2008) |

| | | |
|---|---|---|
| 12/12/2008 | | Set Deadlines/Hearings as to Michael Hughes: Sentencing set for 5/8/2009 09:00 AM before Hon. William M. Skretny. (DZ) (Entered: 12/15/2008) |
| 03/25/2009 | 68 | STATEMENT WITH RESPECT TO SENTENCING FACTORS by USA as to Michael Hughes (Kane, Mary) (Entered: 03/25/2009) |
| 04/15/2009 | 70 | STATEMENT WITH RESPECT TO SENTENCING FACTORS by Michael Hughes (Attachments: # 1 Certificate of Service)(Liebers, Robert) (Entered: 04/15/2009) |
| 05/01/2009 | 73 | SENTENCING MEMORANDUM by Michael Hughes (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Certificate of Service)(Liebers, Robert) (Entered: 05/01/2009) |
| 05/01/2009 | 74 | MOTION to Adjourn Sentencing Date by USA as to Michael Hughes. (Kane, Mary) (Entered: 05/01/2009) |
| 05/07/2009 | 75 | ORDER as to Michael Hughes. The Government's Motion to Adjourn Sentencing 74 is GRANTED. Sentencing currently scheduled 5/8/2009 is ADJOURNED to 7/1/2009 at 10:00 AM. All sentencing related materials, including any motions, shall be filed on or before 6/10/2009. Signed by Judge William M. Skretny on 5/7/2009.(JCD) (Entered: 05/07/2009) |
| 05/08/2009 | 76 | Sealed Document as to Michael Hughes. (DZ) (Entered: 05/11/2009) |
| 06/19/2009 | 77 | MOTION for Downward Departure *Pursuant to U.S.S.G. Section 5K1.1 and 18 U.S.C. Section 3553(e)* by USA as to Michael Hughes. (Kane, Mary) (Entered: 06/19/2009) |
| 06/23/2009 | 78 | Sealed Document as to Michael Hughes. (SG) (Entered: 06/23/2009) |
| 07/01/2009 | 80 | Minute Entry for proceedings held before William M. Skretny U.S.D.J:Sentencing held on 7/1/2009 for Michael Hughes on Count 1 of the Indictment. Presentence report to be sealed - will be made available to counsel for appeal purposes only. The probation department's recommendation section which is a part of said presentence report will be kept under separate seal and will not be accessible to counsel.. The Court grants the Government's Motion for a Downward Departure of 6 levels pursuant to 5K1.1 and the Government's Motion for an additional 1 level departure for acceptance of responsibility, pursuant to USSG § 3E1.1(b). The Court denies the Defendant's Motion for a non-guideline sentence. All for the reasons stated on the record. Total Offense Level: 20. Criminal History Category I. The Defendant is sentenced to the custody of the BOP for a term of 33 months. Upon release from imprisonment the defendant is placed on supervised release for a term of 4 years. While on supervised release the defendant shall abide by the following conditionsThe defendant shall comply with the standard conditions of supervised release adopted by this Court. The defendant shall not commit any crimes, federal, state or local. The defendant shall be prohibited from possessing a firearm or other dangerous device. The defendant shall not possess a controlled substance. |

| | | The defendant shall complete a drug/alcohol evaluation and enter into treatment as directed by the probation office. The defendant is not to leave treatment until discharge is agreed to by the probation office and the treating agency. Co-payment imposed. The defendant shall obtain and maintain gainful employment. The defendant shall submit to a search of his person, property, vehicle, place of residence or any other property under his control and permit confiscation of any evidence or contraband discovered. No fines, fees or costs imposed. The Defendant shall pay a SPA in the amount of $100.00. The Court recommends that the Defendant participate in the 500 hour residential drug treatment program in a facility as near to the Buffalo area as possible and that he be designated asap. The Court imposes sentence as stated. The government moves for dismissal of the underlying complaint. Court grants same and directs preparation of a judgment of conviction. Defendant - Mary Kane. For the deft. - Robert Liebers. For prob. - Susan Vujakovich.(Court Reporter Michelle McLaughlin.)(MEAL) (Entered: 07/05/2009) |
| 07/08/2009 | 82 | JUDGMENT as to Michael Hughes (2), Additional certified copies forwarded to USPO, USM, US Attorney, Debt Collection, Financial Department.. Signed by Hon. William M. Skretny on 7/7/09.(SG) (Entered: 07/09/2009) |
| 07/08/2009 | 84 | PRESENTENCE INVESTIGATION REPORT (Sealed) as to Michael Hughes (SG) (Entered: 07/14/2009) |
| 07/08/2009 | 85 | Sealed Document as to Michael Hughes. (SG) (Entered: 07/14/2009) |
| 10/20/2009 | 89 | Judgment Returned Executed as to Michael Hughes on 9/1/09. (DZ) (Entered: 10/21/2009) |
| 02/16/2010 | 94 | CJA 20 as to Michael Hughes: Authorization to Pay Robert A. Liebers Amount: $ 5,298.60, Voucher # 091216000103. Signed by Hon. William M. Skretny on 2/9/10.(DZ) (Entered: 02/17/2010) |
| 02/25/2010 | | (Court only) ***Set/Clear Flags as to Voradeth Oyphanith, Michael Hughes, Lisa Ferrante (DR) (Entered: 02/25/2010) |
| 05/24/2010 | 101 | ARREST Warrant Returned Executed on 8/24/07 in case as to Michael Hughes. (DR) (Entered: 05/24/2010) |
| 07/25/2011 | 102 | Probation Jurisdiction Transferred to Central District of California (Western Division) as to Michael Hughes; Transmitted Transfer of Jurisdiction form, with certified copies of indictment, plea agreement, judgment and docket sheet. (DZ) (Entered: 07/26/2011) |

# IN THE DISTRICT COURT OF THE UNITED STATES
## for the Western District of New York

MAY 2006 GRAND JURY
(Impaneled 5/05/06)

**THE UNITED STATES OF AMERICA**

**v.**

**VORADETH OYPHANITH a/k/a "Alvin,"
MICHAEL HUGHES and
LISA FERRANTE**

**INDICTMENT**

$O\eta - CR - 164$

**Violations:**
Title 21, United States Code,
  Sections 841(a)(1), 846,
  952(a) & 963; and
Title 18, United States Code,
  Sections 545 and 2.

ECF DOCUMENT
I hereby attest and certify that this is a printed
copy of a document which was electronically
filed with the United States District Court for
the Western District of New York.
Date Filed: 7-18-09
Michael J. Roemer, Clerk
By:
                            Deputy Clerk

<u>COUNT 1</u>

**The Grand Jury Charges that:**

On or about the 11th day of June 2006, in the Western District of New York, and elsewhere, the defendants, **VORADETH OYPHANITH a/k/a "Alvin," MICHAEL HUGHES and LISA FERRANTE,** did knowingly, willfully and unlawfully combine, conspire and agree together and with others, known and unknown, to commit an offense against the United States, that is, to import into the United States from a place outside thereof, that is, Canada, 500 grams or more of a

mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, and 3,4-methylenedioxymethamphetamine (MDMA), a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 952(a), 960(a)(1) and 960(b)(1)(H); all in violation of Title 21, United States Code, Section 963.

## COUNT 2

### The Grand Jury Further Charges that:

On or about the 11th day of June 2006, in the Western District of New York, and elsewhere, the defendants, **VORADETH OYPHANITH a/k/a "Alvin," MICHAEL HUGHES** and **LISA FERRANTE,** did knowingly, willfully and unlawfully combine, conspire and agree together and with others, known and unknown, to commit offenses against the United States, that is, to possess with intent to distribute, and to distribute, 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, and 3,4-methylenedioxymethamphetamine (MDMA), a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A); all in violation of Title 21, United States Code, Section 846.

-2-

## COUNT 3

**The Grand Jury Further Charges that:**

On or about the 11th day of June 2006, in the Western District of New York, the defendants, **VORADETH OYPHANITH a/k/a "Alvin," MICHAEL HUGHES** and **LISA FERRANTE,** did knowingly, intentionally and unlawfully import into the United States from a place outside thereof, that is, Canada, 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, and 3,4-methylenedioxy-methamphetamine (MDMA), a Schedule I controlled substance; all in violation of Title 21, United States Code, Sections 952(a), 960(a)(1) and 960(b)(1)(H) and Title 18, United States Code, Section 2.

## COUNT 4

**The Grand Jury Further Charges that:**

On or about the 11th day of June 2006, in the Western District of New York, the defendants, **VORADETH OYPHANITH a/k/a "Alvin," MICHAEL HUGHES** and **LISA FERRANTE,** did knowingly, intentionally, and unlawfully possess with intent to distribute 500 grams or more of

-3-

a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, and 3,4-methylenedioxymethamphetamine (MDMA), a Schedule I controlled substance; all in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A) and Title 18, United States Code, Section 2.

### COUNT 5

#### The Grand Jury Further Charges:

On or about the 11th day of June 2006, in the Western District of New York, the defendants, **VORADETH OYPHANITH a/k/a "Alvin," MICHAEL HUGHES** and **LISA FERRANTE,** fraudulently and knowingly did import and bring into the United States, certain merchandise, that is, a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, and 3,4-methylenedioxymethamphetamine (MDMA), a Schedule I controlled substance, contrary to law, that is, the requirements of Title 19, United States Code, Section 1461, and the regulations promulgated thereunder, requiring the declaration and unloading of merchandise

-4-

imported or brought into the United States; all in violation of Title 18, United States Code, Sections 545 and 2.

        DATED:  Buffalo, New York, July 18, 2007.


                              TERRANCE P. FLYNN
                              United States Attorney


                        BY:  **S/MARY CLARE KANE**
                             MARY CLARE KANE
                             Assistant United States Attorney
                             United States Attorney's Office
                             Western District of New York
                             138 Delaware Avenue
                             Buffalo, New York  14202
                             716/843-5809
                             Mary.Kane@usdoj.gov


A TRUE BILL:


**S/FOREPERSON**
FOREPERSON

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.                                                07-CR-164-S

MICHAEL HUGHES,

                 Defendant.

ECF DOCUMENT
I hereby attest and certify that this is a printed
copy of a document which was electronically
filed with the United States District Court for
the Western District of New York.
Date Filed:_____10-24-08_____
Michael J. Roemer, Clerk
By:_____
                              Deputy Clerk

FILED
U.S. DISTRICT COURT
W. D. of N.Y.
____16/24/08
AT_____O'C_____M.
BY_____
TITLE_____

**PLEA AGREEMENT**

        The defendant, MICHAEL HUGHES, and the United States Attorney

for the Western District of New York (hereinafter "the government")

hereby enter into a plea agreement with the terms and conditions as

set out below.


**I.    THE PLEA AND POSSIBLE SENTENCE**


        1.    The defendant agrees to plead guilty to Count 1 of the

Indictment which charges a violation of Title 21, United States

Code, Section 963 (conspiracy to import methamphetamine from Canada

into the United States) for which the mandatory minimum term of

imprisonment is 10 years and the maximum possible sentence is a

term of imprisonment of life, a fine of $4,000,000, a mandatory

$100 special assessment and a term of supervised release of at

least 5 years and up to life.  The defendant understands that the

penalties set forth in this paragraph are the maximum penalties

that can be imposed by the Court at sentencing.

2.    The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 5 years, without credit for time previously served on supervised release. As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in ¶ 1 of this agreement.

## II.   ELEMENTS AND FACTUAL BASIS

3.    The defendant understands the nature of the offense set forth in ¶ 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime: that an agreement existed between two or more persons to commit a controlled substance felony offense, that the defendant knew of the existence of the agreement, and that the defendant intended to participate in the unlawful agreement and that at least **500 grams** of a mixture or substance containing a detectable amount of methamphetamine was reasonably foreseeable to the defendant as being within the scope of the agreement.

-2-

## FACTUAL BASIS

4.     The defendant and the government agree to the following

facts, which form the basis for the entry of the plea of guilty

including relevant conduct:

   a.   On June 11, 2006, at approximately 10:03 p.m.,
        defendant, **MICHAEL HUGHES**, and co-defendant Lisa
        Ferrante presented themselves for entry into the
        United States from Canada at the Peace Bridge Port
        of Entry, Buffalo, New York.  Hughes was operating
        a Saturn vehicle, bearing New York registration
        DAN8779; defendant Ferrante was the front seat
        passenger.   Customs and Border Protection (CBP)
        Officers conducting a primary inspection, "trunk
        check", discovered several plastic bags containing
        pink pills concealed in the vehicle's trunk.   A
        secondary inspection of the vehicle resulted in the
        discovery of eight plastic bags of pills concealed
        in the trunk, one plastic bag of pills concealed in
        the passenger side door panel and one plastic bag
        of pills located on the passenger side floor.   A
        portion of the substance was subjected to a field
        test and tested positive for methamphetamine/MDMA
        (ecstasy), a Schedule I controlled substance.
        Approximately 5.67 kg or 20,067 pills of ecstasy
        were seized from the vehicle.

   b.   HUGHES was advised of his Miranda Rights and
        provided a statement to agents.   In sum and
        substance, HUGHES stated that he was recruited by
        Alvin LNU (a/k/a "B") to smuggle ecstasy from
        Canada to the U.S.   Alvin gave HUGHES $1,000 for
        travel expenses, $500 of which he gave to Ferrante.
        HUGHES expected Alvin to pay him additional money
        upon receiving the ecstasy.

   c.   Approximately 5,619 grams of a mixture and
        substance containing a detectable amount of
        methamphetamine is the amount involved in the
        defendant's relevant conduct encompassed in the
        Superseding Information which could be readily
        proven by the government against the defendant.

-3-

### III.   SENTENCING GUIDELINES

5.    The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

### BASE OFFENSE LEVEL

6.    The government and the defendant agree that Guidelines §§ 2D1.1(a)(3) and 2D1.1(c)(2) apply to the offense of conviction and provides for a base offense level of 36.

### SPECIFIC OFFENSE CHARACTERISTICS
### U.S.S.G. CHAPTER 2 ADJUSTMENTS

7.    The government and the defendant agree that the following specific offense characteristic does apply:

a.    the two (2) level decrease pursuant to Guidelines § 2D1.1(b)(11) (safety valve).

### U.S.S.G. CHAPTER 3 ADJUSTMENTS

8.   The government and the defendant agree that the following adjustment to the base offense level does apply:

-4-

a.    The two (2) level downward adjustment of Guidelines
§ 3B1.2(b) (minor role in the offense).

## ADJUSTED OFFENSE LEVEL

9.    Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for the offense of conviction is **32**.

## ACCEPTANCE OF RESPONSIBILITY

10.    At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level downward adjustment of Guidelines § 3E1.1(a) (acceptance of responsibility) and further agrees to move the Court to apply the additional one (1) level downward adjustment of Guidelines § 3E1.1(b), which would result in a total offense level of **29**.

## CRIMINAL HISTORY CATEGORY

11.    It is the understanding of the government and the defendant that the defendant's criminal history category is **I**. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action

-5-

the defendant's criminal history category may increase. The defendant understands that the defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

### GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

12. It is the understanding of the government and the defendant that, with a total offense level of 29 and criminal history category of I, the defendant's sentencing range would be a term of imprisonment of 87 to 108 months, a fine of $15,000 to $4,000,000, and a period of supervised release of 4 to 5 years. Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the minimum and maximum penalties set forth in ¶ 1 of this agreement.

13. The government and the defendant agree to the Sentencing Guidelines calculations set forth in this agreement and neither party will advocate or recommend the application of any other Guideline, or move for any Guidelines departure, or move for or recommend a sentence outside the Guidelines, except as specifically set forth in this agreement. A breach of this paragraph by one party will relieve the other party of any agreements made in this plea agreement with respect to sentencing motions and

-6-

recommendations.  A breach of this paragraph by the defendant shall also relieve the government from any agreements to dismiss or not pursue additional charges.

14. The defendant specifically reserves the right to argue for a downward departure under the Sentencing Guidelines and a non-Guidelines sentence outside the otherwise applicable Guidelines range on the ground of extraordinary drug rehabilitation.  The government reserves the right to oppose this motion.

15. The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

IV.   **STATUTE OF LIMITATIONS**

16. In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any other criminal offense involving or

-7-

related to the unlawful possession, manufacture, distribution or importation of controlled substances which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

## V.   GOVERNMENT RIGHTS AND RESERVATIONS

17. At sentencing, the government agrees to not oppose the recommendation that the Court sentence the defendant at the lowest point of the applicable Guidelines range.

18. The defendant understands that the government has reserved the right to:

a.   provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

b.   respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

c.   modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information regarding the recommendation or factor.

-8-

19.  At sentencing, the government will move to dismiss the open counts of the Indictment in this action pending against the defendant.

20.  The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

## VI.  APPEAL RIGHTS

21.  The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed.  The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 12, above, notwithstanding the manner in which the Court determines the sentence.  In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

22. The defendant understands that by agreeing to not collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

23. The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ **12**, above, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves the right to argue the correctness of the defendant's sentence.

## VII. COOPERATION

24. The defendant will cooperate with the government by providing complete and truthful information regarding the defendant's knowledge of any and all criminal activity, whether undertaken by the defendant or others, in any way involving or related to the unlawful possession, manufacture, distribution or importation of controlled substances. The defendant's cooperation

-10-

shall also include submitting to interviews by government attorneys and agents, as well as testifying truthfully and completely before grand juries and at such pre-trial and trial proceedings as the government shall deem necessary.

25.  The defendant further agrees to provide proactive cooperation to the government regarding individuals involved in criminal activity involving the unlawful possession, manufacture, distribution or importation of controlled substances.  The defendant agrees to comply with all reasonable instructions of law enforcement agents in this regard.

26.  The defendant's cooperation shall also be provided to any local, state or federal authorities designated by the government and who have agreed to abide by the terms of the "Cooperation" section of this agreement.  The defendant's obligation to testify truthfully and completely shall extend to proceedings in local, state and federal courts in jurisdictions which have agreed to abide by this agreement.

27.  In exchange for the defendant's plea of guilty and cooperation as set forth in this agreement, the defendant will not be prosecuted by the Office of the United States Attorney for the Western District of New York for any other federal criminal

-11-

offenses committed in the Western District of New York in any way involving or related to the unlawful possession, manufacture, distribution or importation of controlled substances, committed up to the date of this agreement and about which the defendant provides complete and truthful information.

28.    Further, no testimony, statements or tangible objects provided by the defendant in compliance with this agreement (or any information directly or indirectly derived therefrom) will be used against the defendant in any criminal case, except a prosecution for perjury or making false statements.

29.    Upon condition that the defendant has fully complied with all terms and conditions of this agreement, should the government determine that the defendant has provided substantial assistance in the investigation or prosecution of other persons who have committed offenses, the government will move the Court at sentencing to depart downward from the Guidelines 6 levels as provided for in Guidelines § 5K1.1 and/or mandatory minimum term of imprisonment pursuant to Title 18, United States Code, Section 3553(e), which, if granted by the Court, would result in a total offense level of 23 and a sentencing range of 46 to 57 months imprisonment.   The defendant understands that the decision to make such a motion is within the sole discretion of the government and

-12-

that the decision to grant such a motion, and the extent of any downward departure, are matters solely within the discretion of the Court.

30.  This agreement does not preclude the prosecution of the defendant for perjury or making false statements in the event the defendant testifies falsely or provides false information to the government.  This agreement is not contingent upon the filing of charges against, the return of an Indictment against, or the successful prosecution of, any person or entity.

31.  It is a condition of this agreement that, up through the date of the defendant's sentencing, the defendant shall commit no further crimes.  It is also a condition of this agreement that the defendant must, at all times, give complete, truthful and accurate information and testimony and not withhold information from the government or refuse to testify truthfully and completely.  Should the defendant be sentenced prior to the completion of the defendant's cooperation with the government, the defendant's obligation to comply with the cooperation provisions of this agreement extends past sentencing.

32.  In the event the government believes the defendant has violated any of the conditions of the "Cooperation" section of this

agreement, the government, in addition to its other rights as set forth in the "Cooperation" section of this agreement, reserves the right: (a) to modify any recommendation the government agreed to make in a motion pursuant to Guidelines § 5K1.1 and/or Title 18, United States Code, Section 3553(e); and (b) to petition the Court, before or after sentencing, for an order declaring that the defendant has breached the "Cooperation" section and relieving the government of its obligations under this section.

33. In the event the government petitions the Court to declare that the defendant has breached the "Cooperation" section of this agreement, whether the defendant has violated any of the conditions of the "Cooperation" section shall be determined by the Court in an appropriate proceeding at which any disclosures and documents provided by the defendant shall be admissible and at which the government shall be required to establish any violation by a preponderance of the evidence. In order to establish any violation by the defendant, the government is entitled to rely on statements and information given by the defendant pursuant to this agreement.

34. If the "Cooperation" section of this agreement is declared breached by the Court:

-14-

a.    the defendant shall thereafter be subject to prosecution for any federal criminal violations of which the government has knowledge, including but not limited to, perjury and obstruction of justice;

b.    the government may withdraw any motion filed pursuant to Sentencing Guidelines § 5K1.1, Title 18, United States Code, Section 3553(e) and/or Rule 35(b);

c.    the defendant has no right to withdraw the plea of guilty;

d.    the defendant shall waive all rights under Fed. R. Crim. P. 11(f), Fed. R. Evid. 410 and Sentencing Guidelines § 1B1.8 and the defendant expressly agrees that all statements, testimony and tangible objects provided by the defendant (with the exception of statements made in open court during guilty plea proceedings), whether prior or subsequent to this agreement, can be used directly and indirectly in any and all criminal proceedings against the defendant; and

e.    the defendant agrees that any charges that were dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government. Furthermore, the defendant agrees not to assert the statute of limitations as a defense to any criminal offense involving or related to the unlawful possession, manufacture, distribution or importation of controlled substances which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the Court's order declaring the agreement breached by the defendant becomes final.

35. At the time of sentencing, the government will make the nature and extent of the defendant's compliance with this agreement known to the Court. The government and the defendant will request that sentencing be adjourned until full satisfaction by the

-15-

defendant of the terms of this agreement. In the event the defendant is sentenced prior to the completion of the defendant's cooperation with the government, the government reserves the right to modify any recommendation to be made by the government at sentencing pursuant to Guidelines § 5K1.1 and/or Title 18, United States Code, Section 3553(e).

36. The defendant's attorney is expressly permitted to be present at any time the defendant is questioned or interviewed by government agents regarding the matters set forth in this agreement.

## VIII.   TOTAL AGREEMENT AND AFFIRMATIONS

37. This plea agreement represents the total agreement between the defendant, **MICHAEL HUGHES**, and the government. There are no promises made by anyone other than those contained in this agreement. This agreement supersedes any other prior agreements,

written or oral, entered into between the government and the defendant.

TERRANCE P. FLYNN
United States Attorney
Western District of New York


BY:  ~~C̲a̲r̲a̲ ̲Q̲ ̲M̲a̲n̲e̲~~  For
     MARY CLARE KANE
     Assistant U.S. Attorney

Dated:  October **24** , 2008


I have read this agreement, which consists of 17 pages.  I have had a full opportunity to discuss this agreement with my attorney, Robert A. Liebers, Esq.  I agree that it represents the total agreement reached between myself and the government.  No promises or representations have been made to me other than what is contained in this agreement.  I understand all of the consequences of my plea of guilty.  I fully agree with the contents of this agreement.  I am signing this agreement voluntarily and of my own free will.


MICHAEL HUGHES
Defendant

ROBERT A. LIEBERS, ESQ.
Attorney for the Defendant

Dated:  October **24** , 2008

Dated:  October **24** , 2008


-17-

AO 245B    (Rev. 12/03) Judgment in a Criminal Case                                      #12115 SCV/jes
           Sheet 1

# UNITED STATES DISTRICT COURT

<u>WESTERN</u>                    District of                     <u>NEW YORK</u>

UNITED STATES OF AMERICA              **JUDGMENT IN A CRIMINAL CASE**
          **V.**

                                      Case Number:          1:07CR00164-002
     MICHAEL HUGHES                    USM Number:           15032-055

                                      <u>Robert A. Liebers</u>
                                      Defendant's Attorney

**THE DEFENDANT:**

☒ pleaded guilty to count(s)    1 of Indictment

☐ pleaded nolo contendere to count(s)
  which was accepted by the court.

☐ was found guilty on count(s)
  after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 U.S.C. §952(a), §960(b)(1)(H), all in violation of 21 U.S.C. §963 | Conspiracy to Import 500 Grams or More of 3-4 Methylendioxymethamphetamine (MDMA) and Methamphetamine | 06/11/09 | I |

        The defendant is sentenced as provided in pages 2 through ___6___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☒ Counts 2, 3, 4, and 5 of Indictment (1:02CR164S) are dismissed on the motion of the United States.

        It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

                                      <u>July 1, 2009</u>
                                      Date of Imposition of Judgment


ATTEST A TRUE COPY
U.S. DISTRICT COURT, WDNY                Signature of Judge
MICHAEL J. ROEMER, CLERK

By _____              <u>William M. Skretny, U.S. District Judge</u>
        Deputy Clerk                     Name and Title of Judge


                                          <u>7/7/05</u>
                                         Date

AO 245B    (Rev. 12/03) Judgment in Criminal Case
           Sheet 2 — Imprisonment

#12115 SCV/jes

Judgment — Page __2__ of __6__

DEFENDANT:       MICHAEL HUGHES
CASE NUMBER:     1:07CR00164-002

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:        33 months.  The cost of incarceration fee is waived.

☒ The court makes the following recommendations to the Bureau of Prisons:
It is recommended that the defendant participate in the Bureau of Prisons' 500 hour drug treatment program.

It is also recommended that the defendant be placed as close to Bellflower, California as possible.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

  ☐ at _____  ☐ a.m.  ☐ p.m.  on _____.

  ☐ as notified by the United States Marshal.

☒ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ☐ before 2 p.m. on _____.

  ☒ as notified by the United States Marshal.

  ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a_____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B    (Rev. 12/03) Judgment in a Criminal Case
Sheet 3 — Supervised Release

#12115 SCV/jes

Judgment—Page __3__ of __6__

DEFENDANT:        MICHAEL HUGHES
CASE NUMBER:   1:07CR00164-002

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :     4 years

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒   The defendant shall not possess a firearm, destructive device, or any other dangerous weapon. (Check, if applicable.)

☒   The defendant shall cooperate in the collection of DNA as required by the Justice for All Act of 2004. (Check, if applicable.)

☐   The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐   The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B     (Rev. 12/03) Judgment in a Criminal Case                                      #12115 SCV/jes
            Sheet 3C — Supervised Release

                                                                        Judgment—Page   4   of     6

DEFENDANT:       MICHAEL HUGHES
CASE NUMBER:     1:07CR00164-002

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall submit to substance abuse testing, to include urinalysis and other testing. Details of such
testing to be approved by the U.S. Probation Office. If substance abuse is indicated by testing, the defendant is to
complete a drug/alcohol evaluation and enter into any treatment as deemed necessary by the U.S. Probation Office
and/or the Court. The defendant is not to leave treatment until discharge is agreed to by the U.S. Probation Office
and/or the Court. While in treatment and after discharge from treatment, the defendant is to abstain from the use of
alcohol. The defendant is required to contribute to the cost of services rendered (co-payment in the amount to be
determined by the U.S. Probation Office based on the ability to pay or availability of third party payment).

The defendant shall submit to a search of his person, property, vehicle, place of residence or any other property
under his control, based upon reasonable suspicion, and permit confiscation of any evidence or contraband
discovered.

The defendant shall obtain and maintain gainful employment.

AO 245B    (Rev. 12/03) Judgment in a Criminal Case
        Sheet 5 — Criminal Monetary Penalties

#12115 SCV/jes

Judgment — Page ___5___ of ___6___

DEFENDANT:      MICHAEL HUGHES
CASE NUMBER:   1:07CR00164-002

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 100 | $ 0 | $ 0 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss\*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
|  |  |  |  |
| **TOTALS** | $ _____ | $ _____ |  |

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐ the interest requirement is waived for the  ☐ fine  ☐ restitution.

    ☐ the interest requirement for the  ☐ fine  ☐ restitution is modified as follows:

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B     (Rev. 12/03) Judgment in a Criminal Case                                                    #12115 SCV/jes
            Sheet 6 — Schedule of Payments

Judgment — Page ___6___ of ___6___

DEFENDANT:       MICHAEL HUGHES
CASE NUMBER:     1:07CR00164-002

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A  ☐  Lump sum payment of $ _____ due immediately, balance due

      ☐  not later than _____ , or
      ☐  in accordance   ☐ C,   ☐ D,   ☐ E, or   ☐ F below; or

B  ☒  Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☒ F below); or

C  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
      _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
      _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a
      term of supervision; or

E  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from
      imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☒  Special instructions regarding the payment of criminal monetary penalties:
      The defendant shall pay a special assessment of $100, which shall be due immediately. If incarcerated, payment shall begin under
      the Bureau of Prisons Inmate Financial Responsibility Program. Payments shall be made to the Clerk, U.S. District Court,
      Attention: Finance, Room 304, United States Courthouse, 68 Court Street, Buffalo, New York 14202.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during
imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial
Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

   Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount,
   and corresponding payee, if appropriate.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal,
(5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.